IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02489-MEH

DEADRA GIVENS,

      Plaintiff,

v.

COLIN ANDERSON, M.D.,
DEREK AXIBAL, M.D.,
JOSHUA FEUERSTEIN, M.D.,
MARK B. REID, M.D., and
PHILIP F. STAHLE, M.D.,

      Defendants.

_____

## ORDER
_____

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiff Deadra Givens ("Plaintiff") currently asserts one claim for relief pursuant to 42 U.S.C. § 1983 for an alleged violation of her Eighth Amendment rights. *See* ECF 15. This claim is asserted against all named Defendants. Plaintiff now seeks leave to file a Second Amended Complaint ("SAC") to add allegations, claims, and defendants. ECF 48. Defendants Derek Axibal, M.D. ("Dr. Axibal") and Mark Reid, M.D. ("Dr. Reid") were properly served and filed a motion to dismiss ("Axibal Motion"). ECF 38. The Axibal Motion is fully briefed. Subsequently, the remaining named Defendants, Colin Anderson, M.D. ("Dr. Anderson"), Joshua Feurerstein, M.D. ("Dr. Feuerstein"), and Philip F. Stahle, M.D. ("Dr. Stahle"), were served on July 10, 2020.[1]

---

[1] "Dr. Edwards," initially a defendant in this matter, also joined the Anderson Motion. However, at the status conference held before the Court on August 6, 2020, Plaintiff voluntarily dismissed without prejudice "Dr. Edwards" from the case. *See* ECF 63.

*See* ECF 62.  They have filed their own motion to dismiss ("Anderson Motion").  ECF 61.  Plaintiff

has filed a response to the Anderson Motion.  *See* ECF 69.  A reply has not been filed, but the

Court finds additional briefing would not materially assist it in the adjudication of these motions

since the Anderson Motion is nearly identical to the Axibal Motion.[2]  *See* D.C. Colo. LCivR 7.1(d)

("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is

filed.").  Additionally, Plaintiff has filed motions regarding tolling the statute of limitations with

regard to "Dr. Edwards" (ECF 67) and seeking appointment of counsel (ECF 68).  As set forth

below, the Court **denies** Plaintiff's motions and **grants** both motions to dismiss.

## FACTUAL BACKGROUND

For analysis of the pending motions, the Court will consider the allegations in both the

operative Amended Complaint and the SAC.  On or around November 5, 2016, Plaintiff was

incarcerated in the Arapahoe County Detention Facility ("Facility").  SAC at ¶¶ 4–5.  While

incarcerated, Plaintiff slipped and fell in a shower she alleges was not compliant with necessary

accommodations for persons with disabilities.  *Id.* at ¶¶ 5–8.  As a result of her fall, Plaintiff broke

her femur.  *Id.* at ¶ 13.  Upon discovery of this break, the Facility transported Plaintiff by

ambulance to Denver Health and Hospital Authority ("Denver Health").  *Id.*  Plaintiff underwent

"a traction" and surgery at Denver Health to correct her broken femur, which included placing a

rod in her leg.  *Id.* at ¶¶ 15–16.  Plaintiff alleges she was taken back to the Facility, where she

complained about pain in her leg for several weeks before she returned again to Denver Health.

*Id.* at ¶¶ 20–23.  Plaintiff further alleges that her doctors discovered that the rod placed in her leg

was wrongly installed.  *Id.* at ¶ 31.

---

[2] All Defendants are represented by the same counsel.

## LEGAL STANDARDS

A.  Motion to Dismiss

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint.  *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id. Twombly* requires a two-prong analysis.  First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory.  *Id.* at 680.  Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.'"  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted)).  "The nature and specificity of the allegations required to state a plausible claim will vary based on context."  *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011).  Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim.  *Khalik*, 671 F.3d at

1192.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief."  *Id.* (quotation marks and citation omitted).

   B.   Motion to Amend

   Because Plaintiff seeks leave to amend the complaint after the period in which Fed. R. Civ. P. 15(a)(1) permits a party to do so as a matter of course, the motion implicates Rule 15(a)(2), which states:

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

"[T]he Rule itself states that 'leave shall be freely given when justice so requires.'"  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citing Fed. R. Civ. P. 15(a)).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather

4

than on procedural niceties.'" *Minter*, 451 F.3d at 1204 (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).  However, a "proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

## ANALYSIS

If Plaintiff is allowed to amend her complaint, the motions to dismiss become moot.  *See Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.") (citing *Miller v. Glanz*, 948 F. 2d 1562, 1565 (10th Cir. 1991)).  Accordingly, the Court will first address Plaintiff's request to amend.

### I.      Motion to for Leave to File Amended Complaint

Plaintiff seeks to expand upon her 42 U.S.C. § 1983 claims against the Defendant doctors (Claims II and III), reassert a Section 1983 claim against Denver Health (Claims III and IV), assert new claims for negligent hiring, retention and supervision against Denver Health (Claim V), state a new claim against all Defendants for infliction of emotional distress (Claim VI), and add the Board of County Commissioners for the County of Arapahoe, the Arapahoe County Sherriff's Office, and Arapahoe County John Does 1–5 (collectively, "Arapahoe County Defendants") as defendants.  Defendants oppose Plaintiff's attempt to amend her complaint based on arguments of futility.[3]

---

[3] Typically, the Court first considers whether there is good cause to amend the Fed. R. Civ. P. 16(b) scheduling order.  In this case, since no scheduling order has been entered, Plaintiff has not missed any deadline for filing her motion for leave to amend.

A.      Statute of Limitations

1.      Named Defendants and Denver Health

Defendants argue that Plaintiff's attempt to amend the complaint is futile because Plaintiff's claims, old and new, are time-barred.  Defendants Mark Reid, M.D. and Derek Axibal, M.D.'s Response to Plaintiff's Motion for Leave to File Amended Complaint ("Def. Resp.") at 4. Defendants assert "[t]he statute of limitations for Plaintiff's claims against Denver Health and the doctors is based on Colorado law, which provides for a two-year statute of limitations for any claim against a health care provider or institution."  *Id.* at 5 (citing Colo. Rev. Stat. § 13 -80-102.5). Plaintiff responds that by removing this case to federal court, "Defendants consent to having the claims heard here on the merits."   Plaintiff's Combined Response to Defendants' Motion to Dismiss and Defendants' Response to Plaintiff's Motion for Leave to Amend Complaint ("Comb. Resp.") at 7.  Plaintiff further argues that "all of the delays in this action were directly attributable to (1) the Defendants' removal from state court; and (2) the delay by the state court, the Denver Sheriff Department, and U.S. Marshall [sic] in effectuating service of process to all Defendants." *Id.*

The Court agrees with Defendants that 42 U.S.C. § 1983 does not provide a limitations period, so the Court must look to analogous Colorado law to determine the expiration of Plaintiff's federal claims.  *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994) (holding that an action brought pursuant to 42 U.S.C. §1983 is subject to the limitations period of the general personal injury statute in the state where the action arose).  For Plaintiff's state law claims, Defendants are correct that actions arising in "negligence, breach of contract, lack of informed consent, or other action[s] arising in tort or contract" against "any health care institution" or "health care professional" have a two-year

statute of limitations period under Colorado law.  Colo. Rev. Stat. § 13-80-102.5(1).  Colorado law also specifically provides a two-year statute of limitations for claims arising from federal statutes without their own limitations period.  *See* Colo. Rev. Stat. §13-80-102(g) ("[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute . . . shall be commenced within two years after the cause of action accrues").  Therefore, all of Plaintiff's proposed claims against the Defendants are subject to a two-year statute of limitations.

Assessing the accrual date of a Section 1983 cause of action is a question of federal law. *Wallace*, 549 U.S. at 388; *Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998).  The accrual date is the date when Plaintiff knew or should have known that her constitutional rights were violated.  *City of Enid*, 149 F.3d at 1154 ("[s]ince the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated") (citations and quotations omitted). To establish the date of accrual in a Section 1983 case, the court is to "to identify the constitutional violation and locate it in time." *Id.*  For Plaintiff's state law claims, the cause of action for personal injuries accrues "on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."  Colo. Rev. Stat. § 13-80-108(1).

Plaintiff argues that "Defendants fail to identify a single date in the Complaint that demonstrates plaintiff's action is untimely."  Comb. Resp. at 8.  This is not true.  In her proposed SAC, Plaintiff alleges "[o]n December 5, 2016[,] the Plaintiff had a three-week check-up . . . . The prognosis after an x-ray was that the Plaintiff's knee and hip were shattered[,] . . . proximately caused by the complications of a failed surgery by the Defendant doctors after mismeasuring [sic] and not properly evaluating medical records."  SAC at ⁋ 52.  Plaintiff also alleges "[a]t that three-

week check-up, the Denver Health doctors told the Plaintiff they measured wrong when they replaced the femur with a metal rod." *Id.* at ¶ 53. Based on Plaintiff's own allegations, then, Plaintiff became aware of alleged malfeasance against her on December 5, 2016. In other words, Plaintiff knew or should have known then about the causes of her injury and possible constitutional violations committed. Therefore, the Court finds the accrual date for Plaintiff's causes of action is December 5, 2016.

Understanding that two years from the accrual date is December 5, 2018, the Court now turns to the procedural history of this case to determine whether the claims were properly brought within the limitations period. Plaintiff initially filed suit in Denver District Court on January 29, 2018. Axibal Mot. at 2. No Defendant was served until August 9, 2019, when Plaintiff served Denver Health, Mark Reid, M.D. ("Dr. Reid"), and Derek Axibal, M.D. ("Dr. Axibal"). Def. Resp. at 6. In the one and a half years it took Plaintiff to serve those Defendants, Plaintiff's Complaint was dismissed twice. *Id.* On April 30, 2018, the Honorable Edward Bronfin dismissed Plaintiff's complaint for failure to accomplish service and failure to "respond to the Court's April 4, 2018 show-cause order." *Id.*; Exh. A; Exh. B; Exh C.[4] Plaintiff subsequently asked the court to reopen

---

[4] The Court relies on the Fed. R. Civ. P. 12(b)(6) analysis when assessing the futility of amendment, since the Court must consider whether the amendment would be subject to dismissal. Generally, the Court may not consider outside information beyond the complaint when ruling on a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(d). However, the Tenth Circuit has held "that facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). The Court may take judicial notice of "facts which are a matter of public record." *Horton v. Davis*, 13cv-01089-REB-NYW, 2015 WL 7294815, at *1 (D. Colo. Nov. 19, 2015) (citing *Tal*, 453 F.3d at 1264 n.24). This includes state court documents. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072–73 (10th Cir. 2008) (affirming the district court's decision in taking judicial notice of state court documents); *King v. Allstate Ins. Co.*, 11-cv-00103-WJM-BNB, 2013 WL 4510549, at *1 (D. Colo. Aug. 26, 2013) (finding that the Court is permitted to "take judicial notice of an order from another court"). Therefore, the Court takes judicial notice of the exhibits of state court documents provided by Defendants.

the case on July 26, 2018, arguing "she had not received certain orders from the Court."  Def. Resp. at 6.  On July 27, 2018, Judge Bronfin "reopened" the case with instructions that Plaintiff complete service.  *Id.* at 6–7.  After failing to properly serve Defendants again, Judge Bronfin dismissed the case for a second time on September 10, 2018.  *Id.* at 7; Exh. C.  The Honorable Andrew McCallin, who later became the presiding judicial officer, "reopened" the case on April 16, 2019, ordering "Plaintiff to accomplish service within 35 days."  *Id.*; Exh. E.  As already mentioned, Plaintiff accomplished service on Dr. Reid, Dr. Axibal, and Denver Health on August 9, 2019.  Def. Resp. at 7.

Plaintiff filed her initial complaint within the limitations period.  When Judge Bronfin dismissed and reopened the case on April 30, 2018 and July 27, 2018, respectively, Plaintiff's complaint still fell within the limitations period.  The issue occurs after Judge Bronfin dismissed the case for a second time and Judge McCallin did not reopen the case until April 16, 2019, after the December 5, 2018 deadline.  There is no evidence that Judge Bronfin or Judge McCallin vacated or voided the dismissals in the case.  Nor can the Court find any applicable statute or law which would have tolled the limitations period while Plaintiff's case was dismissed.  *See Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) ("In the absence of a statute to the contrary, the limitation period is not tolled during the pendency of the dismissed action.").  The Tenth Circuit has held that a "[p]laintiff has not identified any state law indicating that his action should have been tolled, and [the court has] found no state or federal law to support his request for tolling. . . . Accordingly, [the court] conclude[s] the district court did not err in failing to toll the statute of limitations."  *Janis v. Reno*, 98 F.3d 1349, 1996 WL 570449, at *1 (10th Cir. Oct. 7, 1996) (unpublished).  Without a basis in law to do so, this Court cannot find that Plaintiff's statute of limitations was tolled.

The Court also notes that Judge Bronfin's dismissals of Plaintiff's case each specified that they were done without prejudice.  *See* Exh. C.  However, "a dismissal without prejudice is a final judgment if the statute of limitations period has expired."  *Spiremedia Inc. v. Wozniak*, - P.3d -, 2020 COA 10, ¶ 14 (Colo. App. 2020) (citing *SMLL, L.L.C. v. Daly*, 128 P.3d 266, 268–69 (Colo. App. 2005)).  Therefore, because the limitations period was not tolled, Judge Bronfin's second dismissal of Plaintiff's complaint effectively constituted a final judgment in Plaintiff's case.  *Id.* In light of that, to now allow Plaintiff to amend her complaint would be futile.  *See Gay v. Rojas*, 11-cv-03128-WJM-MEH, 2012 WL 2711043, at *1 (D. Colo. July 9, 2012) ("The Court therefore finds that granting leave to amend would be futile because the claims Plaintiff desires to add would likewise be barred by the statute of limitations.").

### 2.   Arapahoe County Defendants

Plaintiff also attempts to add the Arapahoe County Defendants to this lawsuit.  Her claims against the Arapahoe County Defendants include a failure to accommodate pursuant to the Americans With Disabilities Act ("ADA") and the Rehabilitation Act ("RA") (Claim I), municipal liability (Claim IV), negligent hiring, retention, and supervision (Claim V), and infliction of emotional distress (Claim VI).  Pl. Mot. at 26–48.  The Court notes that Defendants do not address the claims against the Arapahoe County Defendants; in the interest of examining Plaintiff's attempt to amend in its entirety, the Court considers the futility of amendment with regard to the Arapahoe County Defendants.  However, as all allegations concern the same events, the statute of limitations for Claims IV, V, and VI are the same as with the other Defendants.[5]  Hence, the Court finds the

---

[5] Although not medical providers, the statute of limitations is still two years for the Arapahoe County Defendants.  *See* Colo. Rev. Stat. § 13-80-102(1).

attempt to amend with regard to those claims futile based on the statute of limitations for the same reasons as described above.

Claim I, though, requires a separate analysis. Plaintiff alleges violations of the ADA and RA against the Arapahoe County Sheriff's Department and the Board of County Commissioners for the County of Arapahoe for failing to provide reasonable accommodations for the Facility's showers. Pl. Mot. at 17–18. Assuming Plaintiff is able to establish a viable claim under the ADA or RA, the applicable limitations period is based on Colorado state law. *See Rhodes v. Langston Univ.*, 462 F. App'x 773, 780 n.6 (10th Cir. 2011) ("Since neither the Rehabilitation Act nor the ADA sets forth a statute of limitations, the [state law] two year statute of limitations applies."). The applicable statute of limitations in Colorado is two years. *See* Colo. Rev. Stat. §13-80-102(1)(g). Plaintiff claims she fell and injured herself on November 8, 2016 in the shower, which necessitated the need for her leg surgery. Pl. Mot. at 17. On the day she fell, Plaintiff alleges "[a]n administrative grievance was filed regarding the fall and subsequent failure to provide adequate medical care." *Id.* at 18, ¶ 11. As such, Plaintiff knew or should have known on that day about her potential claim. Plaintiff needed to file her claim by November 5, 2018 but attempts to bring it now, after the limitations period has passed; accordingly, the Court finds an amendment to include Claim I would be futile as well.

### 3.     Equitable Tolling

Though Plaintiff does not raise this argument, the Court will consider whether the doctrine of equitable tolling may apply to this case given Plaintiff's *pro se* status. "Equitable tolling is a doctrine that permits courts to extend statutes of limitations on a case-by-case basis in order to prevent inequity." *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012). "[T]he decision to invoke equitable tolling in a particular case lies exclusively within the

sound discretion of the trial court." *Id.* (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).  However, "[e]quitable tolling . . . should be invoked sparingly." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  The Tenth Circuit "has applied equitable tolling when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and '[l]ikewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights.'" *U.S. v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001) (quoting *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996)).  Equitable tolling also may apply "when extraordinary circumstances make it impossible for the plaintiff to file his or her claims within the statutory period." *Id.* (citing *Hanger v. Abbott*, 73 U.S. 532, 542 (1867) (applying the doctrine of equitable tolling when courts in southern states were closed during the Civil War)).

In this case, there is no evidence that any Defendant actively interfered with Plaintiff's ability to bring this suit.  In fact, this Court has found Plaintiff's claims time-barred because her case was dismissed in state court for failure to serve the Defendants after the statute of limitations had run.  This is also not a situation, then, where Plaintiff has been prevented "in some extraordinary way" from pursuing her rights.  *Clymore*, 245 F.3d at 1199.  Plaintiff argues that "[t]he delays were not directly attributable to" her.  Comb. Resp. at 9.  However, Plaintiff knew she needed to serve the Defendants.  *See* Exh. A (Judge Bronfin's order, noting Plaintiff failed to comply with previous Delay Reduction Order and instructing her to "file an appropriate motion or show cause" why her claims should not be dismissed).  In failing to timely accomplish service, Plaintiff did not diligently pursue her claims.  *See May v. Allbaugh*, 707 F. App'x 569, 570 (10th Cir. 2017) ("[A] petitioner may extend the statue of limitations through equitable tolling if the petitioner establishes: '(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way.'"). Nor can this Court find extraordinary circumstances justifying the equitable tolling of the statute of limitations. *See Braxton v. Zavaras*, 614 F.3d 1156, 1161–62 (10th Cir. 2010) ("[T]he 'extraordinary circumstances' aspect of equitable tolling is based on the reasoning 'that it is unfair to penalize the plaintiff for circumstances outside of his or her control, so long as the plaintiff makes good faith efforts to pursue the claims when possible.'") (quoting *Dean Witter*, 911 P.2d 1094, 1097 (Colo. 1996)); *see also Seattle Audubon Society v. Robertson*, 931 F.2d 590 (9th Cir. 1991) (equitable tolling applied when court's erroneous enforcement of an unconstitutional statute prevented plaintiff from filing suit), *rev'd on other grounds*, 503 U.S. 429 (1992); *Osbourne v. United States*, 164 F.2d 767 (2d Cir. 1947) (applying equitable tolling when plaintiff was held by Japan during World War II). Therefore, the Court does not apply the doctrine of equitable tolling to Plaintiff's case.

### 4. "Dr. Edwards"

As mentioned in footnote one above, "Dr. Edwards" was originally a named defendant in this action, who was voluntarily dismissed by Plaintiff at a status conference before this Court on August 6, 2020. *See* ECF 63. On August 10, 2020, Plaintiff filed a "Motion for Order Tolling the Statute of Limitations for Defendant Edwards" (ECF 67). Plaintiff requests that "the Court . . . grant tolling of the statute of limitations for which to add Dr. Edwards as a Defendant again." ECF 67 at ¶ 8. Alternatively, Plaintiff seeks to "withdraw her oral motion to dismiss Dr. Edwards as a Defendant." *Id.* at ¶ 10. The problems with Plaintiff's requests are three-fold. First, there is no clear indication who "Dr. Edwards" is. *See* ECF 66 ("Defendant 'Dr. Edwards, M.D.,' is unknown to Denver Health and Hospital Authority and therefore has not been contacted."). Second, Plaintiff did not (and has not) served "Dr. Edwards" within the ninety days permitted under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m). Finally, the claims against "Dr.

Edwards" all stem from the same events as the other Defendants.  As such, any claim against "Dr. Edwards" would also be time-barred; thus, allowing Plaintiff to add "Dr. Edwards" again as a defendant would prove futile.  Therefore, there is no basis by which the Court may toll the statute of limitations or add "Dr. Edwards" as a defendant.  Plaintiff's motion is denied.

> B.      Colorado Governmental Immunity Act

Even if Plaintiff's attempt to amend was not futile based on the statute of limitations, Defendants argue it would be futile for other reasons.  First, Defendants argue Plaintiff fails to plead compliance with the notice of claim requirements of the Colorado Governmental Immunity Act ("CGIA").  Colo. Rev. Stat § 24-10-109.  The Court agrees.  In her proposed SAC, Plaintiff alleges state law tort claims against both the doctors and Denver Health.  As required by the CGIA, Plaintiff must provide written notice of her claims to the public entity, Denver Health, "within one hundred eighty-two days after the date of discovery of the injury."  Colo. Rev. Stat. § 24-10-109(1).  Failure to provide this notice is a jurisdictional bar to the claims.  *Id.* ("Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.").  Plaintiff has not provided any allegation in her SAC that she has complied with these provisions.  *See Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 840 (10th Cir. 2003) ("When a plaintiff fails to plead compliance with the CGIA, and a court addresses the case in the context of a motion to dismiss, the court must accept as a matter of 'fact' that the plaintiff failed to comply with the notice provisions.").  Accordingly, allowing Plaintiff to file her amended complaint to add state law claims would be futile based on a lack of subject matter jurisdiction.  *City & Cty. of Denver v. Crandall*, 161 P.3d 627, 633 (Colo. 2007) ("If a claimant fails to comply

[with the notice of claim provision], a court must dismiss the matter for lack of subject matter jurisdiction.").

C.    Municipal Liability Claim Against Denver Health

Second, Defendants contend Plaintiff improperly reasserts a municipal liability claim against Denver Health.  Def. Resp. at 11–12.  Again, the Court agrees.  Magistrate Judge Gordon P. Gallagher recommended dismissal of Plaintiff's prior municipal liability claims against Denver Health for failure to allege facts showing the existence of a policy or custom directly causing a violation of a constitutional right.  *See* ECF 25 at 4–5.  Judge Lewis T. Babcock adopted Judge Gallagher's recommendation and ordered that Plaintiff's complaint be "dismissed in part as to Denver Health."  ECF 32 at 2.  Though District Judge Babcock's order does not explicitly state whether this dismissal is with or without prejudice, there is a presumption that dismissals for failure to state a claim are with prejudice.  *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1299 (10th Cir. 2014) ("Dismissals for failure to state a claim are presumptively with prejudice because they fully dispose of the case."); *Lujan v. Dreis*, 414 F. App'x 140, 143 (10th Cir. 2011) (unpublished) ("We presume the dismissal was with prejudice since a dismissal for failure to state a claim . . . [is a] decision[] on the merits.").  Because this Court finds the presumption of dismissal with prejudice applies here, Plaintiff cannot reassert her claims against Denver Health.  *See Charles v. Hackford*, No. 18-4024, 2018 WL 4006938, at *1 (10th Cir. April 5, 2018) ("[T]he dismissal with prejudice means the plaintiff cannot return to federal court with the same claims.").[6]

For the reasons stated above, this Court finds Plaintiffs' attempt to amend to add claims and defendants futile.  Plaintiff's motion is therefore denied.

---

[6] Defendants also assert that Plaintiff's attempt to amend is futile because the allegations in the SAC are not plausibly pleaded.  Because the Court has found the claims in the SAC time-barred, the Court will not address the sufficiency in which they are pleaded.

## II.      Motions to Dismiss

Having denied Plaintiff's motion for leave to file an amended complaint, the Court now

turns to Defendants' motions to dismiss.  The operative pleading states one claim for relief for

"Violation of Constitutional [R]ights against Cruel, and Unusial [sic] Punishment, Deliberate

Indifference."  ECF 15 at 4.  Plaintiff alleges the following facts in support of her claim:

> (i)      "On November 5, 2016, the Plaintiff was admitted into Denver Health with a broken femur";
>
> (ii)     "Denver Health is a teaching Hospital";
>
> (iii)    "The Plaintiff had no knowledge she was going to be used for human experimentation";
>
> (iv)    "The Doctors that per[f]ormed the botched surgery on Plaintiff [were] ethically inexperienced i.e. Defendant No. 2 Colin Anderson, Defendant No. 5 Philip F. Stahle, Defendant No. 7 Derek Axibal";
>
> (v)     "Thereby, Denver Health is liable for Gross Medical Negligence, and Malpractice for the deprivation of the Plaintiff['s rights";
>
> (vi)    "After the Plaintiff['s surgery on November 6, 2016[,] the Defendants had knowledge the surgery was botched i.e. Defendant No. 3 Dr. Edwards, No. 4 Mark Reid, No. 5 Philip F. Stahle, No. 6 Joshua Feurerstein, and deprived the Plaintiff of medical care";
>
> (vii)   "The delay in treatment for three weeks was the medical causation, and contributory negligence that resulted in the Plaintiff['s] pain lifelong personal injury, serious substantial bodily harm";
>
> (viii)  "All Doctor[] Defendants No. 2–7 are employed by Denver Health."

ECF 15 at 4.  These allegations constitute the entirety of the factual support in Plaintiff's operative

complaint.

Defendants raise two arguments as to why Plaintiff's complaint should be dismissed.  First,

the complaint fails to state a plausible claim for relief.  Axibal Mot. at 5–10; Anderson Mot. at 6–

10. Second, Defendants assert qualified immunity. Axibal Mot. at 10–12; Anderson Mot. at 10–12.

    A.    <u>Plausibility</u>

In light of her status as a *pro se* litigant, this Court reviews Plaintiff's pleadings "liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, *pro se* parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). This Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

There are only two allegations in the complaint directed specifically at the Defendants. In paragraph four, Plaintiff lists Drs. Anderson, Stahle, and Axibal as doctors who performed a "botched surgery" on her. ECF 15 at 4. In paragraph six, Plaintiff also alleges Drs. Reid, Stahle, and Feuerstein "deprived the Plaintiff of medical care." *Id.* The question becomes whether these two allegations are sufficient to plausibly plead a claim for deliberate indifference.

The parties disagree on the appropriate standard for deliberate indifference claims brought by prisoners under the Eighth Amendment. Defendants contend that *Estelle v. Gamble*, 429 U.S. 97 (1976) governs and consists of a two-part objective and subjective inquiry. Axibal Mot. at 7. Plaintiff asserts that the subjective standard does not apply here, since she was a pretrial detainee "during all times relevant." Pl. Resp. at 2. Rather, Plaintiff argues the "objective unreasonableness" standard of the Due Process Clause of the Fourteenth Amendment applies for claims brought by pretrial detainees, citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

*Kingsley*, though, is a case concerning the use of excessive force by sheriff's officers. *See id.* at 392–393. The Tenth Circuit thus far has not extended the *Kingsley* standard to cases concerning medical treatment. *See Khan v. Barela*, 808 F. App'x 602, 609 n.8 (10th Cir. 2020) ("In this circuit, there is an open question whether, in light of *Kingsley*'s pronouncement regarding excessive-force claims, the subjective component . . . applies to a pretrial detainee's claims regarding . . . inadequate medical care."). If this Court were to unilaterally remove the "subjective component from deliberate indifference in the medical context," this Court would come "very close to creating a federal constitutional cause of action simply for medical negligence—something against which the Supreme Court has counseled." *Estate of Walter v. Correctional Healthcare Cos., Inc.*, 323 F. Supp. 3d 1199, 1210–1211 (D. Colo. 2018) (citing *Estelle*, 429 U.S. at 106). Accordingly, this Court will not apply the *Kingsley* standard in this case, relying instead upon the two-part *Estelle* inquiry.

As part of the subjective component of the deliberate indifference test, a plaintiff must "demonstrate that officials acted with a 'sufficiently culpable state of mind.'" *Vega v. Davis*, 673 F. App'x 885, 890 (10th Cir. 2016) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Having a sufficiently culpable state of mind requires "'the official know[] of and disregard[] an excessive risk to inmate health or safety.'" *Whitington v. Ortiz*, 307 F. App'x 179, 188 (10th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). In this case, Plaintiff's complaint is devoid of any allegations suggesting the state of mind of any of the Defendants. There is no way for the Court to determine, based on the face of the complaint, whether any Defendant had a "sufficiently culpable state of mind" to establish a claim for deliberate indifference. *Vega*, 673 F. App'x at 890. Therefore, Plaintiff's complaint fails to plausibly plead the only claim it asserts; hence, Defendants' motions to dismiss must be granted on this ground.

B.      Qualified Immunity

Defendants also argue that Plaintiff's operative complaint should be dismissed based on the defense of qualified immunity.  In the Fed. R. Civ. P. 12(b)(6) context, when qualified immunity is raised, a court must consider "(1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established." *Myers v. Brewer*, 773 F. App'x 1032, 1036 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 848 (2020) (quoting *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2016)).  "Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Id.* (quoting *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014)).  However, "[a]sserting a qualified immunity defense via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Id.*  At this stage, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness." *Id.* (emphasis in original).

As described above, Plaintiff's operative complaint lacks specific factual allegations against Defendants.  The dearth of factual support prevents the Court from determining whether Defendants committed any violation of constitutional rights.  *See Myers*, 773 F. App'x at 1037 ("The dispositive question is whether the violative nature of *particular* conduct is clearly established.") (quoting *Mullenix v. Luna*, - U.S. -, 136 S. Ct. 305, 308 (2015) (per curiam)) (emphasis in original).  Without allegations of particular conduct by the Defendants, Plaintiff's complaint also does not demonstrate the existence of a violation of clearly established law.  The Court recognizes Plaintiff's argument that there is clearly established law that "a state must make available to inmates a level of medical care which is reasonably designed to meet the routine and emergency health care needs of inmates." *Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980)

(internal quotations omitted).   However, the Tenth Circuit in that case acknowledged that "accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment." *Id.* at 575.   Even construing Plaintiff's allegations in such a way as to establish a constitutional violation for providing negligent medical care to Plaintiff, the Court finds there is no clearly established law supporting that claim.   *See Cummings v. Dean*, 913 F.3d 1227, 1239 (10th Cir. 2019) (The Tenth Circuit "has repeatedly told [lower] courts . . . not to define clearly established law at a high level of generality.   [D]oing so avoids the crucial question [of] whether the official acted reasonably in the *particular* circumstances that he or she faced.") (citations and internal quotations omitted).   Therefore, drawing "all reasonable inference in favor of" Plaintiff as the non-moving party, the Court also finds dismissal appropriate on the basis of qualified immunity. *Colbruno v. Kessler*, 928 F.3d 1155, 1160 (10th Cir. 2019).

## III.   Motion for Appointment of Counsel

As a final matter, Plaintiff has filed a "Renewed Motion for Appointment of Counsel" (ECF 68).   Given that the Court finds Plaintiff's attempt to amend her complaint futile and grants the motions to dismiss, following issuance of this Order, Plaintiff will have no claims remaining before this Court.   As such, the Court **denies** Plaintiff's motion for appointment of counsel.

## <u>CONCLUSION</u>

The Court **denies** Plaintiff's Motion for Leave to File an Amended Complaint [<u>filed May 28, 2020; ECF 48</u>] on grounds of futility and **grants** both the Axibal Motion [<u>filed April 6, 2020; ECF 38</u>] and the Anderson Motion [<u>filed July 16, 2020; ECF 61</u>] for Plaintiff's failure to state a claim.   Additionally, the Court **denies** Plaintiff's "Motion for Order Tolling the Statute of

Limitations for Defendant Edwards" [filed August 10, 2020; ECF 67] and "Renewed Motion for Appointment of Counsel" [filed August 10, 2020; ECF 68].

Dated at Denver, Colorado, this 24th day of August, 2020.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge